## HAMMOND TARR v. JOHN AULTHOUSE.

WRITTEN CONTRACT — *Construction.* A written contract, expressed in the following words, to wit: "Know all men by these presents, that we, Moses M. Chase as principal, and John Aulthouse as security, are held and firmly bound unto Hammond Tarr to the amount of $500, to the payment of which we hereby bind ourselves, our heirs, administrators, and assigns, firmly by these presents, if default be made herein. The condition of the above is such, that whereas, the firm of Bartlett Bros., of St. Joseph, Mo., have put upon the records of Nemaha county, Kansas, a pretended mortgage upon the lands sold by the said Moses M. Chase to the said Hammond Tarr: Now, if the said Moses M. Chase shall institute or defend (within a year) any suit that may be instituted to foreclose said mortgage, and shall pay any amount that may be adjudged, if any, due said Bartlett Bros. thereon, then the above to be void; otherwise, to remain in full force and effect. Witness our hands, this 21st day of May, A. D. 1887.—(Signed) M. M. CHASE, JOHN AULTHOUSE," means : First, that Chase is to commence an action to relieve the land of the mortgage lien within a year; second, that he is to defend any action of foreclosure brought within a year; third, that he is to pay any amount that may be adjudged due on said mortgage. If he does these things, the writing is void; if he fails in any, or all, the writing is obligatory.

*Error from Nemaha District Court.*

THE opinion states the material facts.

*Wells & Wells,* for plaintiff in error:

"All contracts are to be construed to accomplish the intention of the parties, and in determining their provisions, a liberal and fair construction will be given to the words, either singly or in connection with the subject-matter." *Binghamton Bridge Case,* 3 Wall. 51; *Grant v. Leach,* 20 La. An. 329; *Hunter v. Anthony,* 8 Jones N. C. 385; Story's Con., § 640; *Atwood v. Cobb,* 16 Peck, 227; *Howell v. Howell,* 7 Wend. 471; *Menard v. Scudder,* 7 La. An. 385.

A clause susceptible of different constructions should be given that which would cause it to have some operation, rather than that which would entirely deprive it of effect. *Evans v. Sanders,* 8 Port. 497, and cases above cited.

A contract should be construed most strongly against the party who stipulates the payment of a debt or undertakes an obligation. *Evans v. Sanders*, 8 Port. 497, and cases therein cited.

*Woodworth & Stillwell*, for defendant in error:

1. Technical rules of construction are not to be resorted to where the meaning of the parties is obvious, for then there is nothing to construe. *Ayers v. Comm'rs of Trego Co.*, 37 Kas. 240; *Noyes v. Nichols*, 28 Vt. 159; *Lewis v. United States*, 92 U. S. 618, 621; *United States v. Wiltberger*, 18 id. 76, 95; *Boudinot v. United States*, 78 id. 616, 621. See, also, Wigram, Extrin. Ev. (O'Hara's ed.), §§ 202–205; 8 Bing. 244; 1 Am. & Eng. Encyc. of Law, 525; 11 id. 370, note 1; *Falley v. Giles*, 24 Ind. 119; 2 Kent, Com. 556; *Adams v. Warner*, 23 Vt. 395; *Bennthan v. Webb*, 6 Ired. 57; 2 Par. Contr. 513.

2. A distinction is to be observed between the construction of a contract and the correction of a mistake. Adams, Eq., p. 169, *et seq.* See, also, 2 Par. Contr. 496; 1 Am. & Eng. Encyc. of Law, 535, note 1, and especially authorities there cited and reviewed; *Gibson v. Minet*, 1 H. Bl. 569, 614; *Lewis v. Comm'rs of Bourbon Co.*, 12 Kas. 186, 203; *Bradshaw v. Bradbury*, 64 Mo. 334, 336.

3. The general rule is well settled, that the construction or interpretation of all written instruments belongs to the court alone. *Warner v. Thompson*, 35 Kas. 27, 29; *German Fire Ins. Co. v. Curran*, 8 id. 9; 11 Am. & Eng. Encyc. of Law, 518, note 1; 3 id. 867; Wells, L. & F., pp. 29, 69, 71, 80; 2 Devl. Deeds, § 836, note 3.

4. The law places more reliance upon written than oral testimony; and it is an inflexible rule that parol evidence is not admissible to supply or contradict, enlarge or vary, the words of a contract in writing. 2 Kent, Com. 556; 1 Rice, Ev., pp. 255, 263, 264; *Chapin v. Dodson*, 78 N. Y. 74; *Kelley v. Bradford*, 3 Bibb, 317; same case, 6 Am. Dec. 656; *Tucker v. Tucker*, 113 Ind. 272; same case, 13 N. E. Rep. 710,

and authorities there cited. See, also, 1 Am. & Eng. Encyc. of Law, 532, note, and authorities there cited; 9 Hoff. L. C. 146; 2 Devl. Deeds, § 837, p. 106, note 4; *Bobb v. Bancroft,* 13 Kas. 123; *Board of Education v. Shaw,* 15 id. 33; *Warner v. Thompson,* 35 id. 27, 29; *McMullen v. Carson,* 29 Pac. Rep. (Kas.) 317; 11 Am. & Eng. Encyc. of Law, 369, note 3.

5. If there is any ambiguity in this bond, it is certainly a patent ambiguity, and cannot be explained by parol evidence. 1 Rice, Ev., p. 275, § 170; 2 Devl. Deeds, § 1010; *McClelland v. James,* 33 Iowa, 571. See, also, Whar. Ev., § 956; *Wire Works v. Sorrel,* 8 N. E. Rep. (Mass.) 332; 2 Rice, Ev., pp. 282, 1258, 1260.

6. This bond is also to answer for the debt, default or miscarriage of another person, and must *all* be in writing. Chapter 43, § 6, Frauds and Perjuries. See, also, Bac. Max. 23; 1 Am. & Eng. Encyc. of Law, 527.

The memorandum required by the statute must contain all the essential terms of the contract, expressed with such a degree of certainty as to render it unnecessary to resort to parol evidence to determine the interest of the parties thereto. *Hagen v. Machine Co.,* 9 Hun, 74; *Manufacturing Co. v. Goddard,* 55 U. S. (14 How.) 444; *O'Donnell v. Leeman,* 43 Me. 158; *Corliers v. Van Note,* 16 N. J. L. 324.

Opinion by SIMPSON, C.: On the 28th day of April, 1886, one Moses M. Chase and wife sold and conveyed to the plaintiff in error certain lands in Nemaha county, by a general warranty deed, for a consideration of about $8,000, which was duly paid. At the time of the conveyance there was a recorded mortgage on the land in favor of Bartlett Bros. for $300, the validity of which was disputed by Chase. For the purpose of indemnifying the purchaser of the lands against the payment of this mortgage, Chase as principal, and John Aulthouse as security, executed and delivered to the purchaser, Hammond Tarr, the following written instrument:

"Know all men by these presents, that we, Moses M. Chase as principal, and John Aulthouse as security, are held

and finally bound unto Hammond Tarr to the amount of
$500, to the payment of which we hereby bind ourselves, our
heirs, administrators, and assigns, firmly by these presents,
if default be made herein.    The condition of the above is
such, that whereas, the firm of Bartlett Bros., of St. Joseph,
Mo., have put upon the records of Nemaha county, Kansas,
a pretended mortgage upon the lands sold by the said Moses
M. Chase to the said Hammond Tarr: Now, if the said
Moses M. Chase shall institute or defend (within a year) any
suit that may be instituted to foreclose said mortgage, and
shall pay any amount that may be adjudged, if any, due said
Bartlett Bros. thereon, then the above to be void; otherwise,
to remain in full force and effect.    Witness our hands, this
21st day of May, A. D. 1887.

[ Signed ]    M. M. CHASE.<br>
JOHN AULTHOUSE."

On the 26th of November, 1888, Bartlett Brothers com-
menced an action to foreclose their mortgage, and on the
11th day of March, 1889, a judgment for foreclosure was
rendered in their favor for $413.15, including costs.    This
judgment Tarr paid to keep the land from being sold, and
on the 15th day of June, 1889, Tarr brought this action on
the written contract of indemnity against Aulthouse, the
security.    Aulthouse demurred to the petition for the reason
that the facts stated therein were not sufficient to constitute
a cause of action, the theory of the demurrer being that,
as no action had been brought by Bartlett Bros. to fore-
close their mortgage within a year from the date of
the written instrument, no liability was created against
Aulthouse.    The trial court sustained the demurrer, and
the sole question here for review is the construction given
the written contract of indemnity by such ruling.    The
ruling in effect is, that under its terms a suit to foreclose
must have been commenced within a year from the 21st
of May, 1887, in order to make Aulthouse liable.    This
is an erroneous construction.    The written instrument under
consideration was one executed by Chase as principal and
Aulthouse as surety, for the benefit of Tarr.    By the express
terms of the writing, Chase agreed to do three things: First,

he bound himself to institute a suit (within a year) for the purpose of relieving the land of the lien of the mortgage; second, he bound himself to defend any suit instituted (within a year) to foreclose the mortgage; third, he bound himself to pay any amount that might be adjudged due Bartlett Bros. We do not think that the third obligation is limited by the words "within a year," but if it is, it makes no difference. These three things he agreed to do within a year, according to the construction contended for by defendant in error, and if he did them, or, probably, if the performance of any or all of them had been commenced within the year, then the written obligation to be void; otherwise, to remain in full force and effect. In other words, Chase must act within the year next ensuing after the date of the contract, and must perform one of three conditions in order to absolve Aulthouse from liability. He must commence a suit, he must defend a suit for foreclosure commenced within a year, or he must pay Bartlett Bros., or in some way relieve the land from the burden of the real or apparent lien. This contract was made to indemnify Tarr. A reasonable construction, that accomplishes the evident intention of the parties, must be given the written instrument. The inducements stated in the petition are admitted by the demurrer. But apart from all these considerations, we give the written instrument its natural construction, the only one that it is susceptible of, according to our view, and the result is that we recommend that the judgment be reversed, and the cause remanded, with instructions to overrule the demurrer.

By the Court: It is so ordered.

All the Justices concurring.